UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| MARGARET MACK, | ) | Civil Action No.: 1:07-cv-3105-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WAL-MART STORES, INC., and | ) | |
| MALINDA BOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court is Plaintiff's [Docket Entry #8] motion to remand this case to the South Carolina Court of Common Pleas for the Second Judicial Circuit, in Barnwell County. The court has carefully reviewed the motion, memoranda of counsel, and the record in the case. For the reasons set forth below, the court finds that this case was improvidently removed and as such, remand is appropriate.

### I. Background Facts and Procedural History

This action for negligence arises out of an incident which occurred in a Wal-Mart parking lot on or about December 12, 2005. Plaintiff, a Wal-Mart patron, was allegedly walking through Wal-Mart's parking lot toward the store's entrance when a jack protruding from under a parked vehicle caused Plaintiff to fall, thereby causing her injuries and damages. [Complaint, at ¶ 6, Docket Entry # 1-2]. Plaintiff alleged that the parked vehicle belonged to a Wal-Mart employee, Defendant Malinda Boyce, and that Boyce was responsible for creating the condition that caused Plaintiff's injuries and damages. [Complaint, at ¶ 7]. Plaintiff alleged that Defendants, Wal-Mart and Boyce, were individually, jointly, and in combination, negligent, grossly negligent, wanton, willful and reckless in one or more of the following

particulars: 1) in creating the unreasonably dangerous condition; 2) in failing to discover the unreasonably dangerous condition; 3) in failing to warn patrons of the unreasonably dangerous condition; 4) in failing to remove the unreasonably dangerous condition; and 5) in failing to remedy the unreasonably dangerous condition. *Id*. at ¶ 11.

With regard to jurisdictional facts, Plaintiff states that she is a citizen and resident of Barnwell County, South Carolina; Defendant Boyce is a citizen and resident of Barnwell County, South Carolina; and Defendant Wal-Mart is a corporation organized under the laws of a state other than South Carolina. *Id*. at ¶ 1-3.

Defendant Wal-Mart removed this case on September 12, 2007, and avers in its notice of removal that it is a Delaware limited partnership with its principal place of business in the State of Arkansas. Wal-Mart argues that this court has diversity jurisdiction over this case and that Defendant Boyce's citizenship should be disregarded pursuant to the doctrine of fraudulent joinder. On October 4, 2007, Plaintiff filed a motion to remand the case to the Court of Common Pleas in Barnwell County, South Carolina arguing that Defendant Boyce is not a "sham" defendant and that this court lacks diversity jurisdiction.

## II. Standard of Review

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, the defendant bears the burden in this instance. "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

### III. Discussion

Wal-Mart removed this case from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. Wal-Mart asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Under § 1332, federal district courts have original jurisdiction over a case if there is complete diversity of parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of parties exists if no party on one side is a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Although Plaintiff requested damages in excess of $50,000.00 in her Complaint, it appears to this court that based upon Plaintiff's responses to Wal-Mart's requests for admission[1] that Plaintiff seeks an amount of damages in excess of the minimum jurisdictional amount of this court. Thus, the key issue before this court is whether there is complete diversity of citizenship, i.e. whether Defendant Boyce is a "sham" defendant.

As mentioned above, the Complaint alleges that Plaintiff and Defendant Boyce are both citizens of the state of South Carolina. Wal-Mart does not assert that Boyce is not a citizen of South Carolina or that Plaintiff committed any "outright fraud" in her pleading of jurisdictional facts. Rather, Wal-Mart asserts that Boyce is a "sham" defendant for the following reasons: 1) Boyce cannot be a defendant with regard to Plaintiff's premises liability claim because Boyce was neither a merchant nor a manager of Wal-Mart; therefore, Boyce

---

[1] Plaintiff's response was that "[h]er out-of-pocket losses are less than $75,000.00. Her pain and suffering and punitive damages are expected to be determined by a jury in accordance with prevailing laws." [Plaintiff's Answer to Requests for Admission, Docket Entry #1-5].

3

owed no legal duty to store customers with regard to the condition of the parking lot; and 2) the Complaint fails to state a separate and independent negligence claim against Boyce because it fails to identify the source of any independent duty owed by Boyce to the Plaintiff.

In order to establish that a defendant has been fraudulently joined, the removing party must demonstrate either: that there is no *possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). "The party alleging fraudulent joinder bears a heavy burden - it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citations omitted).

Plaintiff has alleged that Boyce owned the parked vehicle and created the dangerous condition that caused Plaintiff's damages. Wal-Mart's liability, if any, may arise from, among other things, its alleged failure to exercise ordinary care to maintain the premises in a reasonably safe condition. Boyce's liability, if any, may arise from, among other things, the specific act of allegedly creating the dangerous condition which caused the Plaintiff's damages. Even if Wal-Mart prevails on the merits, Boyce may still be found liable as the individual who allegedly created the dangerous condition in the parking lot.

Boyce's duty of care does not arise from her association with Wal-Mart or the premises in question, but her common law duty to exercise due care to avoid damage or injury to foreseeable plaintiffs. *See Dorrell v. South Carolina Dept. of Transp.*, 605 S.E.2d 12, 15 (S.C.

4

2004) (recognizing common law duty to exercise due care to avoid damage or injury to foreseeable plaintiffs); Dan B. Dobbs, The Law of Torts § 117 (2000) (stating the "duty owed by all people generally . . . is the duty to exercise the care that would be exercised by a reasonable and prudent person under the same or similar circumstances to avoid or minimize risks of harm to others"). "It is a fundamental principle of the law of negligence that one who creates a dangerous condition at a place where others are likely to be, and have a right to be, must use due care in guarding against the condition." *Hardy v. United States*, 187 F. Supp. 756, 761 (D.S.C. 1960) (citing *Hill v. Carolina Power & Light Co.*, 28 S.E.2d 545 (S.C. 1943), and *Joiner v. Fort*, 84 S.E.2d 719 (S.C. 1954)). Although there is no general duty to warn, where a defendant negligently or intentionally creates the risk, that defendant owes a duty to warn third persons or potential victims of the danger. *Faile v. South Carolina Dept. of Juvenile Justice*, 566 S.E.2d 536, 546 (S.C. 2002). Boyce allegedly had direct control over her vehicle and was responsible for leaving the car jack in a position that caused the Plaintiff to fall. Resolving all questions of law and fact in favor of the Plaintiff, this court cannot conclude that there is no possibility that Plaintiff can establish a negligence cause of action against Boyce.

As both parties have discussed *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652 (D.S.C. 2006) (denying motion to remand and finding that pet department manager and unnamed employees were fraudulently joined) and *Cook v. Lowe's Home Centers, Inc.*, No. 5:06-cv-2130-RBH, 2006 WL 3098773 (D.S.C. October 30, 2006) (granting motion to remand and finding that store manager was not fraudulently joined) in their briefs, it should be noted that this case is clearly distinguishable from *Benjamin* and *Cook*. *Benjamin* and *Cook* both

involved in-state defendants who had been named as party defendants by virtue of their employment positions with the corporate defendant. In this case, Boyce was named as a party defendant as a result of her specific acts of alleged negligence, which are totally independent of her employment position at Wal-Mart.

Plaintiff has alleged separate and independent acts of negligence by Wal-Mart and Boyce, which resulted in a single indivisible injury. Plaintiff has the right to name whom she sues and in this case has properly named Boyce as one of the people that is potentially, jointly responsible for her injuries.

Wal-Mart argues that the Complaint fails to state a separate negligence claim against Boyce because it fails to identify the source of any independent duty owed by Boyce to the Plaintiff. However, having reviewed the Complaint, the court finds that the Plaintiff has alleged facts sufficient to support a separate claim of negligence against Boyce. With regard to Boyce, Plaintiff has alleged facts that, if proved, give rise to a duty to warn and a duty to exercise due care to avoid injury or damage to foreseeable plaintiffs.

Wal-Mart has not met its burden of demonstrating that there is no possibility that the Plaintiff can establish a cause of action against Boyce. Accordingly, Wal-Mart has not shown that Boyce was fraudulently joined. Because Plaintiff and Boyce are both citizens of South Carolina, there is no basis for diversity jurisdiction.

## Conclusion

For the reasons stated above, the court concludes that this action was removed improvidently and this court is without jurisdiction. Therefore, Plaintiffs' [Docket Entry #8] motion to remand is **GRANTED.** This case is hereby **REMANDED** to the South Carolina

Court of Common Pleas for the Second Judicial Circuit in Barnwell County.  A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of Court for the Second Judicial Circuit in Barnwell County.

**IT IS SO ORDERED**.

October 26, 2007                                            s/R. Bryan Harwell
Florence, South Carolina                       R. Bryan Harwell
                                                               United States District Judge